UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LARRY MCCOY                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 3:11-cv-757-CWR-FKB

SOCIAL SECURITY ADMINISTRATION,
MICHAEL J. ASTRUE, COMMISSIONER                                 DEFENDANT


## REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Plaintiff's

Motion for Summary Judgment (Docket No. 12) and Defendant's Motion to Affirm the

Commissioner's Decision (Docket No. 15).

## HISTORY

Plaintiff claims that he has been disabled since July 21, 2009, due to an amputation of his

right leg below the knee.  He seeks disability insurance benefits and supplemental security

disability benefits, but his claim was denied initially and upon reconsideration.  Plaintiff

requested a hearing, which was held on March 2, 2011, and at which he was represented by a

non-attorney representative.  Both Plaintiff and an expert vocational witness testified.  The

Administrative Law Judge ("ALJ") ruled against Plaintiff on March 22, 2011, and Plaintiff, at

this point represented by counsel, sought review by the Appeals Council.  Review was denied on

October 13, 2011, Docket No. 11-2 at 2, and this suit was filed on October 9, 2011.  Docket No.

1.

**STANDARD OF REVIEW**

When considering social security appeals, this Court's review is limited to determining

whether substantial evidence supports the findings made by the Social Security Administration

and whether the correct legal standards were applied.  42 U.S.C. § 405(g); Richardson v. Perales,

402 U.S. 389, 401 (1971); Adler v. Astrue, 501 F.3d 446, 447 (5th Cir. 2007).

**THE ISSUES PRESENTED**

Utilizing the applicable five-step process for determining whether an individual is

disabled within the meaning of the Social Security Act, 20 C.F.R. §§ 404.1520(a) and

416.920(a), the ALJ determined that Plaintiff had not been disabled from July 21, 2009 through

the date of his decision.  Docket No. 11-2 at 15.  At step two of the process, the ALJ determined

that Plaintiff has the following severe impairments: post below the knee amputation, diabetes

mellitus, obesity and neuropathy.  Id. at 17.

*A.  PRESUMPTIVE DISABILITY*

Plaintiff contends that the amputation renders him presumptively disabled, meaning that

he has a *"listed impairment."*  20 C.F.R. Part 404, Subpart B, Appx. 1.  The Listing of

Impairments describes those impairments the Social Security Administration considers severe

enough to render a person unable to work.  20 C.F.R. § 404.1525.  Section 1.05B. of Appendix 1

lists amputation of "[o]ne or both lower extremities at or above the tarsal region, with stump

complications resulting in medical inability to use a prosthetic device to ambulate effectively, as

defined in 1.00B2b, which have lasted or are expected to last for at least 12 months."  The ability

to ambulate effectively is defined as follows:

> (1) Definition. Inability to ambulate effectively means an extreme
> limitation of the ability to walk; i.e., an impairment(s) that interferes

very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. ...

(2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Part 404, Subpart B, Appx. 1, 1.00B.2.b.1-2.

The ALJ rejected the notion that Plaintiff met the listing by stating that no physician had indicated that the requirements of Section 1.05 quoted above were met. Plaintiff, however, testified that he can only wear his prosthesis for four hours a day. Plaintiff further testified that he uses a cane when he has the prosthesis on, and crutches when he does not. The ALJ, when addressing residual functional capacity, specifically found that Plaintiff "may use crutches when walking." Docket No. 11-2 at 20.

In his memorandum in support of the motion to affirm, the Commissioner argues that Plaintiff failed to provide medical findings to support his contention that he cannot ambulate effectively. Docket No. 16 at 7. The record is scant concerning Plaintiff's ability to ambulate with his prosthesis. The latest is a record dated June 16, 2010, indicating that Plaintiff was walking with a cane and that he walks for exercise. Docket No. 11-8 at 5-6. There is no medical evidence the undersigned could discern providing for a four hour restriction on wearing the

3

prosthesis.  The Commissioner contends that Plaintiff has not met his burden of proof with

respect to demonstrating that his condition is a listed impairment.  Audler v. Astrue, 501 F.3d

446, 448 (5ᵗʰ Cir. 2007)(claimant has burden through first four steps of process).  The

undersigned must agree.

  *B.  DEPRESSION*

  The ALJ rejected Plaintiff's claim that his depression is also a severe impairment.  In

rejecting this claim, the ALJ "considered the four broad functional areas set out in the disability

regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments

(20 CFR, Part 404, Subpart P, Appendix 1)."  Docket No. 11-2 at 18.  "These four broad

functional areas are known as the 'paragraph B' criteria."  Id.

  Plaintiff had mild limitation in the first three areas--daily living, social functioning,

concentration, persistence or pace; and no incident of the fourth area--decompensation of

extended duration.  Id.  Accordingly, the ALJ found that:  "The claimant's medically

determinable mental impairment of depression does not cause more than minimal limitation in

the claimant's ability to perform his basic mental work activities and is therefore nonsevere."  Id.

 Plaintiff challenges this finding, alleging that the ALJ utilized the wrong test for determining

the severity of Plaintiff's depression.

  Plaintiff argues that instead of considering whether depression had no more than a

minimal effect, the ALJ should have considered whether depression would be expected to

interfere with Plaintiff's work.  See Stone v. Heckler, 752 F.2d 1099, 1104-1105 (5ᵗʰ Cir. 1985).

The ALJ cited Stone but concluded that Plaintiff's impairment "does not cause more than

minimal limitation in the claimant's ability to perform basic mental work activities...."  Docket

No. 11-2 at 18. The Commissioner argues that the ALJ cited the right case and this claim should

not be remanded for the ALJ's failure to use the "magic words." However, both parties agree

that under the Fifth Circuit's interpretation of the law, if an impairment has any effect on ability

to work, it is severe within the meaning of social security law. Docket No. 16 at 4.

Defendant contends that even if the ALJ applied the wrong standard, remand is not

necessary because the analysis proceeded past the second step. There are Fifth Circuit cases

which indicate such might be the case. See, e.g., Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th

Cir. 1987). However, there is authority to the contrary. Loza v. Apfel, 219 F.3d 378 (5th Cir.

2000); see also Wichman v. Astrue, 2012 WL 787045, * 6 (W.D. Tex. March 7, 2012)("A

similar misconstruction of *Stone* was the reason for remand in *Loza v. Apfel* even though that

case was adjudicated at step five of the sequential evaluation process. [*]'Stone does not allow

for any interference with work ability, not even minimal interference[,][and] the failure to use

the ...non-severity language [of Stone] is a legal error which requires remand."). Jones v. Astrue,

851 F. Supp. 1010, 1015-1017 (N.D. Tex. 2012) sets out one judge's reasoning behind changing

his position on the issue from automatic remand when the correct standard was not referenced to

a harmless error analysis where the claim proceeded past step two. Even applying a harmless

error standard, though, the undersigned cannot conclude that the Commissioner's decision in the

instant case can be affirmed since it does not appear that the ALJ considered Plaintiff's mental

impairment in the later steps.


In his opinion, the ALJ stated:

The limitations identified in the "paragraph B" criteria are not a residual
functional capacity assessment but are used to rate the severity of mental

impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

Docket No. 11-2 at p. 18. The, the ALJ failed to address the medically determinable mental impairment he found to be mildly limiting at step 2 in any later step. Accordingly, the undersigned cannot conclude that use of the incorrect standard to determine severity at step 2 was harmless error and therefore recommends remand.[1]

## CONCLUSION

Based on the foregoing, the undersigned recommends that the motions at Docket Nos. 12 and 15 be denied and this matter be remanded. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[1]Because the undersigned has determined that the mental impairment was not properly considered, there is no need to address at this juncture Plaintiff's final contention that the ALJ failed to prove that Plaintiff could perform other jobs.

Respectfully submitted on the 21st day of September, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
